

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

April 30, 2004

RECEIVED IN OFFICE OF
ROBERT B. COLLINGS
U.S. MAGISTRATE JUDGE

BY HAND

MAY 03 2004

John C. McBride, Esq.
McBride & Natola
240 Commercial Street
Boston, MA  02109

UNITED STATES DISTRICT COURT
BOSTON, MASSACHUSETTS

RE:  United States v. Jose Rodriguez, a/k/a "Cable";
     04-10067 JLT

Dear Mr. McBride:

Pursuant to Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts, the government hereby provides you with the following automatic discovery in the above-referenced case:

A.   Rule 16 Materials

     1.   Statements of Defendant under Rule 16(a)(1)(A)

          a.   Written Statements

There are no relevant written statements of the defendant Jose Rodriguez, a/k/a "Cable" (hereinafter referred to as "the defendant") in the possession, custody, or control of the government.

          b.   Recorded Statements

Consensual tape-recordings and video recordings were made of personal meetings and telephone conversations involving the defendant and a cooperating witness ("CW-1").  These tapes and videos are available for your review and a copy of them was

provided to you under separate cover on April 29, 2004, along with an index. A copy of the audio tapes will also be sent to the institution at which the defendant is being held in accordance with LR 116.4.

A draft transcript of the December 4, 2003 consensually recorded conversation was previously provided to you on February 10, 2004. In addition, summaries of some of the recorded conversations have been prepared. These are included with the reports attached as Exhibit 1.

    c.    <u>Grand Jury Testimony of the defendant</u>

The defendant did not testify before the grand jury. Nor am I aware of any other statements made by him to law enforcement agents other than answers to the standard booking questions that would have been posed to him after his arrest. If I become aware of any such additional statements, I will advise you at once.

    d.    <u>Oral Statements to then Known Government Agents</u>

Other than booking statements referenced in the preceding paragraph, I am presently unaware of any other oral statements made by the defendant before or after arrest, in response to interrogation by a person then known by the defendant to be a government agent, which the government intends to use at trial. If I become aware of any such statements, I will advise you at once.

    2.    <u>Defendant's Prior Record under Rule 16(a)(1)(B)</u>

I understand that you received a copy of the prior criminal record of the defendant from Pretrial Services. Please contact me if you need a duplicate copy.

    3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items that are within the possession, custody, and control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this matter, or were obtained from or belong to the defendant, may be examined by contacting the undersigned Assistant United States Attorney and making an appointment to view the same at a mutually convenient time.

4. <u>Reports of Examinations and Tests under Rule 16(a)(1)(D)</u>

Copies of the DEA-7 laboratory reports relating to the drugs purchased from the defendant are included in the reports attached as Exhibit 1. Should we be unable to reach a stipulation as to the results of the examination of the heroin seized in this case, the government plans to offer testimony concerning the results of the analysis of the drug exhibits.

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

On January 19, 2004, a search warrant was obtained for 23 Chardon Street, Lawrence, MA,. Copies of the application, supporting affidavit, search warrant, and return, are attached as Exhibit 2.

Any items seized at the time of any search or seizure, and any items seized from the defendant at the time of his arrest, may be examined by appointment in accordance with paragraph 3 above. Reports relating to the seizures of evidence in this case are included in the reports attached as part of Exhibit 1.

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire or electronic communications of your client were intercepted by the government in connection with this case pursuant to 18 U.S.C. §§ 2510-2518.

D. <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

A draft transcript of the December 4, 2003 consensually recorded conversation was previously provided to you on February 10, 2004. Any additional transcripts that are prepared will be made available to you in accordance with Local Rule 116.4(B). Although not required by Local Rule 116.1(C)(1)(d)(i), the government has also produced to you (attached as part of Exhibit 1) the FBI-302 reports relating to these consensual recordings and other contacts with the defendant relating to the offenses described in the Indictment.

E. <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

The reports provided to you as part of Exhibit 1, as well as the tapes, indicate that the defendant was working in concert with other individuals in connection with his trafficking activities surrounding and including the transactions described in the Indictment. The government declines to identify all of

those individuals at this time, pursuant to LR 116.6(A), and notes that certain information has been redacted from the reports provided to you. Without waiving that declination as to the identity of certain of these individuals due to ongoing investigatory matters, individuals who have conspired with the defendant but who have not been charged with this offense include FNU LNU, a/k/a "SHORTY", as well as known and unknown individuals operating out of the garage at 23 Chardon Street, Lawrence, MA. Further information regarding these individuals and other possible unindicted co-conspirators can be found in the reports provided to you as part of Exhibit 1.

F.   Identifications under Local Rule 116.1(C)(1)(f)

As indicated in the attached reports, on January 9, 2004, CW-1 was shown a photographic array and identified the defendant as the person from whom he/she made the controlled heroin buys at issue in this case. Other than that identification, I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo-spread or other display of an image of the defendant. In the event I become aware that such an additional procedure was used, I will advise you at that time and will provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedures.

G.   Exculpatory Evidence under Local Rule 116.2

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.   The government is aware of no evidence that would tend directly to negate the defendants' guilt concerning any count in the Indictment.

2.   The government is aware of no information that would cast doubt on the admissibility of evidence that the government anticipates offering as part of its case-in-chief and that could be subject to a motion to suppress or exclude.

3.   The drug purchases made from the defendant in this case were made by the CW described in paragraph A.1.b., above. Other than CW-1, no promises, rewards, or inducements have been given to any witness whom the government anticipates calling as part of its case-in-chief.

Prior to the date of this letter, CW-1 received $12,700 from the FBI in connection with its involvement in this and other investigations. This total includes payments for expenses and relocation.

In addition to these payments, in 2003-2004 law enforcement agents assisted CW-1 in obtaining his/her driver's license, which had been revoked because of CW-1's driving record.

Pursuant to Local Rule 116.6(A), the government declines to disclose at this time the identity of CW-1 involved in the investigation of the transactions described in the indictment. The government believes that such a disclosure would be detrimental to the interests of justice. The government takes the position that the exposure of the identity of CW-1 would put his/her safety in jeopardy. Additionally, CW-1 continues to cooperate with the government in other investigations. The disclosure of CW-1 identity could jeopardize the success of these ongoing investigations and present a further risk to the safety of CW-1 and its family. The government is prepared to identify CW-1 at a reasonable time before trial.

4. Other than the CW described in paragraph A.1.b. above, the government is unaware that any of its named case-in chief-witnesses has any criminal record or criminal cases pending. A redacted copy of the criminal record of CW-1 is attached as Exhibit 3. This will also be updated and any additional information will be forwarded upon receipt.

5. No named percipient witness failed to make a positive identification with respect to the crimes described in the indictment.

H. Other Matters

The government recognizes that its duty of disclosure and discovery as set forth in Local Rule 116 and Rule 16 of the Federal Rules of Criminal Procedure is a continuing one. In addition, please consider this letter to be a request for reciprocal discovery pursuant to Local Rule 116.1(D) and Fed. R. Crim. P. 16(b). I request that you provide a written response to my request for reciprocal discovery within 10 days of receipt of this letter.

I. Request for Alibi Information

Pursuant to Fed. R. Crim. P. 12.1, the government hereby requests notice of any intention to offer an alibi defense to the

charged offense or any of the meetings or conversations referenced in reports provided to you as part of Exhibit 1.

If you have any questions about any of this information or wish to discuss this case with me, please call me at (617) 748-3355.

                                      Very truly yours,

                                      MICHAEL J. SULLIVAN
                                    United States Attorney

By: _____
     PETER K. LEVITT
     Assistant U.S. Attorney

enclosures

cc:   Gina Affsa, Courtroom Clerk to
      U.S. Magistrate Judge Robert B. Collings
      (with information regarding co-conspirators redacted)