```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Cr. No. 04-10067 JLT |
| ) | |
| v.                        ) | VIOLATIONS: |
| ) | |
| JOSE RODRIGUEZ,           ) | 21 U.S.C. § 846 |
|     AKA "CABLE"           ) | Conspiracy to Distribute |
| ) | Heroin |
| ) | |
| ) | 21 U.S.C. § 841(a)(1) |
| ) | Distribution of Heroin |
| ) | |
| ) | 18 U.S.C. § 2 |
| ) | Aiding and Abetting |
| ) | |
| ) | 21 U.S.C. § 853 |
| ) | Criminal Forfeiture |
| ) | |

## SUPERSEDING INDICTMENT

**COUNT ONE:**   (21 U.S.C. § 846--Conspiracy to Distribute Heroin)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by on or about April 5, 2002, and continuing thereafter until on or about June 18, 2002, at Lawrence and Haverhill, and elsewhere in the District of Massachusetts,

**JOSE RODRIGUEZ, AKA "CABLE",**

defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury, to possess with intent to distribute and to distribute heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:**   (21 U.S.C. § 841(a)(1)--Distribution of Heroin; 18 U.S.C. § 2--Aiding and Abetting)

The Grand Jury further charges that:

On or about April 5, 2002, at Lawrence, in the District of Massachusetts,

**JOSE RODRIGUEZ, AKA "CABLE",**

defendant herein, knowingly and intentionally possessed with intent to distribute and distributed heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

3

**COUNT THREE**:     (21 U.S.C. § 841(a)(1)--Distribution of Heroin; 18
              U.S.C. § 2--Aiding and Abetting)

The Grand Jury further charges that:

On or about April 9, 2002, at Lawrence, in the District of Massachusetts,

**JOSE RODRIGUEZ, AKA "CABLE"**,

defendant herein, knowingly and intentionally possessed with intent to distribute and distributed heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

4

**COUNT FOUR:**   (21 U.S.C. § 841(a)(1)--Distribution of Heroin; 18 U.S.C. § 2--Aiding and Abetting)

The Grand Jury further charges that:

On or about May 2, 2002, at Lawrence, in the District of Massachusetts,

**JOSE RODRIGUEZ, AKA "CABLE",**

defendant herein, knowingly and intentionally possessed with intent to distribute and distributed heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT FIVE**:        (21 U.S.C. § 841(a)(1)--Distribution of Heroin; 18
                        U.S.C. § 2--Aiding and Abetting)

The Grand Jury further charges that:

On or about June 7, 2002, at Lawrence, in the District of Massachusetts,

**JOSE RODRIGUEZ, AKA "CABLE"**,

defendant herein, knowingly and intentionally possessed with intent to distribute and distributed heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT SIX**:        (21 U.S.C. § 841(a)(1)--Distribution of Heroin; 18
                 U.S.C. § 2--Aiding and Abetting)

The Grand Jury further charges that:

On or about June 11, 2002, at Lawrence, in the District of Massachusetts,

**JOSE RODRIGUEZ, AKA "CABLE"**,

defendant herein, knowingly and intentionally possessed with intent to distribute and distributed heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT SEVEN:**   (21 U.S.C. § 841(a)(1)--Distribution of Heroin; 18 U.S.C. § 2--Aiding and Abetting)

The Grand Jury further charges that:

On or about June 18, 2002, at Lawrence, in the District of Massachusetts,

**JOSE RODRIGUEZ, AKA "CABLE",**

defendant herein, knowingly and intentionally possessed with intent to distribute and distributed heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT EIGHT**:   (21 U.S.C. § 846--Conspiracy to Distribute Heroin)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by on or about December 4, 2003 continuing thereafter until on or about December 19, 2003, at Lawrence and Haverhill, and elsewhere in the District of Massachusetts,

**JOSE RODRIGUEZ, AKA "CABLE",**

defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury, to possess with intent to distribute and to distribute heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

**COUNT NINE**:    (21 U.S.C. § 841(a)(1)--Distribution of Heroin; 18 U.S.C. § 2--Aiding and Abetting)

The Grand Jury further charges that:

On or about December 18, 2003, at Lawrence, in the District of Massachusetts,

**JOSE RODRIGUEZ, AKA "CABLE"**,

defendant herein, did knowingly and intentionally possess with intent to distribute and distribute heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT TEN**:       (21 U.S.C. § 841(a)(1)--Distribution of Heroin; 18
                     U.S.C. § 2--Aiding and Abetting)

The Grand Jury further charges that:

On or about December 19, 2003, at Lawrence, in the District of Massachusetts,

**JOSE RODRIGUEZ, AKA "CABLE"**,

defendant herein, did knowingly and intentionally possess with intent to distribute and distribute heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## NOTICE OF ADDITIONAL FACTORS

The Grand Jury further finds that:

1. The defendant was an organizer, leader, manager, and supervisor of the criminal activity alleged in Count One of this Superseding Indictment, which criminal activity involved five or more participants or was otherwise extensive. Accordingly, U.S.S.G. §§ 3B1.1(a) & (b) apply to this case.

2. The offense charged in Count One of this Superseding Indictment involved at least 100 grams of heroin but less than 400 grams of heroin, a Schedule I controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(B) and U.S.S.G. § 2D1.1(c)(7) apply to this case.

3. With respect to Counts Two through Seven of this Superseding Indictment, at least 100 grams of heroin but less than 400 grams of heroin, a Schedule I controlled substance, are attributable to the defendant within the meaning of U.S.S.G. § 1B1.3(a)(1)(A)&(B). Accordingly, 21 U.S.C. § 841(b)(1)(B) and U.S.S.G. § 2D1.1(c)(7) apply to this case.

4. The offense charged in Count Eight of this Superseding Indictment involved at least 20 grams of heroin but less than 40 grams of heroin, a Schedule I controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(C) and U.S.S.G. § 2D1.1(c)(7) apply to this case.

5. With respect to Counts Nine and Ten of this Superseding Indictment, at least 20 grams of heroin but less than 40 grams of heroin, a Schedule I controlled substance, are attributable to the defendant within the meaning of U.S.S.G. §§ 1B1.3(a)(1)(A)&(B). Accordingly, 21 U.S.C. § 841(b)(1)(B) and U.S.S.G. § 2D1.1(c)(7) apply to this case.

## FORFEITURE ALLEGATION

## (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts 1 through 10 of this Superseding Indictment,

**JOSE RODRIGUEZ, AKA "CABLE",**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, including, but not limited to, the following:

    (a) the property located at 23 Chardon Street, Lawrence, MA;

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY

_____
PETER K. LEVITT
JOHN A. WORTMANN, JR.
Assistant U.S. Attorneys

DISTRICT OF MASSACHUSETTS                     July 22, 2004

    Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk   4:06 pm

16