UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
        v.                      )   Criminal No. 04-10067-JLT
                                )
JOSE RODRIGUEZ,                 )
    a/k/a "CABLE",              )
        Defendant.              )

**UNITED STATES' MOTION FOR INTERLOCUTORY SALE OF REAL PROPERTY**

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves that the Court enter an Order authorizing the immediate interlocutory sale of certain real property located at 23 Chardon Street, Lawrence, Massachusetts, with a deed recorded at Book 4874, Page 332, of the Essex North District Registry of Deeds (the "Defendant Property"), for the following reasons:

   1.   On or about March 11, 2004, a federal grand jury in the District of Massachusetts returned a three count Indictment charging Defendant Jose Rodriguez, a/k/a "Cable" ("Defendant" or "Rodriguez"), with Conspiracy to Distribute Heroin, in violation of Title 21, United States Code, Section 846 (Count One); and Distribution of Heroin, in violation of Title 21, United States Code, Section 841(a)(1), and Aiding and Abetting, in violation of Title 18, United States Code, Section 2 (Counts Two and Three).

   2.   The Indictment also contained a forfeiture allegation, which, as a result of the offenses alleged in Counts One through

Three of the Indictment, and pursuant to 21 U.S.C. § 853, sought the forfeiture of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, including, but not limited to, the Defendant Property, which is currently owned by Rodriguez.

    3.    On or about June 21, 2004, and based on the criminal Indictment, this Court issued a <u>Lis</u> <u>Pendens</u>, giving notice to all parties involved that the Defendant Property was subject to forfeiture to the United States.  The <u>Lis</u> <u>Pendens</u> was recorded at the Essex North District Registry of Deeds, inhibiting, among other things, any transfer or further encumbrance of the Defendant Property during the pendency of this criminal case.

    4.    Rodriguez purchased the Defendant Property from Abraham and Therese Sarkis on October 20, 1997.  Rodriguez paid $15,661.95 in cash towards the Defendant Property, with $5,661.95 representing the deposit and initial downpayment for the Defendant Property, and $10,000 paid for goods and chattels associated with the business located on the Defendant Property.  In addition, Rodriguez secured a $55,000 mortgage from Abraham and Therese Sarkis (the "Mortgage") on the Defendant Property.  Beginning on November 20, 1997, Rodriguez made monthly payments

on the Mortgage in the amount of $726.83.

5. The Defendant Property has been vacant since Rodriguez's arrest on January 20, 2004, and Rodriguez has not made any payments on the Mortgage since February 20, 2004. The current principal balance, as of the last payment made on the Mortgage, and not including interest and late charges, is $26,680.89. The current holder of the Mortgage, Therese Sarkis, has requested the United States assent to her foreclosure of the Mortgage.

6. The United States expects that upon Rodriguez's conviction, the Defendant Property will be forfeited to the United States. However, even if the Defendant Property were not forfeitable, the Defendant's rights, as mortgagor of the Defendant Property, would still be subject to the Mortgage, which is now in default.

7. By defaulting on the Mortgage, Rodriguez has waived any right he might otherwise have had to claim damages for loss of the Defendant Property, which he has, in effect, abandoned to the mortgagee. At most, he is entitled to receive only the equity remaining after a foreclosure sale.

8. Under all of the circumstances, an interlocutory sale of the Defendant Property by the United States Marshals Service (the "U.S.M.S.") provides the best means of maximizing and preserving the equity in the Defendant Property. If such a sale

occurs in the near future, before the now vacant Defendant Property deteriorates, the sale should generate sufficient funds to satisfy the Mortgage, plus additional proceeds which can be held by the U.S.M.S. pending a final judgment in the instant criminal case.

    9.   As a practical matter, an arms-length commercial sale by the U.S.M.S. will likely bring a higher price for the Defendant Property than a foreclosure sale, where the mortgagee would have no incentive to demand any price higher than its mortgage balance.  On or about February 27, 2004, the Defendant Property was appraised at approximately $194,000.  Because the current principal balance on the Mortgage is only approximately $27,000, there would be a substantial amount of equity at risk in a foreclosure sale.

    10.   Because a prompt commercial sale of the Defendant Property by the U.S.M.S. affords the best protection to all concerned, the United States moves that the Court enter an order authorizing the U.S.M.S. to conduct an interlocutory sale.  The Court has the authority to enter such orders under 21 U.S.C. § 853(e)(1)(A), which authorizes the Court, upon application of the United States, to "take any…action to preserve the availability of property…for forfeiture."

WHEREFORE, the United States respectfully moves that this Court enter a Order for Interlocutory Sale in the form submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,


/s/Kristina E. Barclay
PETER K. LEVITT
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Date: November 17, 2004

## CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing United States' Motion for Interlocutory Sale of Real Property and proposed Order for Interlocutory Sale, were served upon John C. McBride, Esquire, McBride and Natola, The Waterfront Building, 240 Commercial Street, Boston, MA 02109, as counsel of record for Defendant Jose Rodriguez; Arthur M. Khoury, Esquire, 335 Common Street, Lawrence, Massachusetts 01840, as counsel for Therese Sarkis; and Ramsey A. Bahrawy, Esquire, 55 Main Street, North Andover, Massachusetts 01845, by first class mail, postage prepaid.

/s/Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney


Dated: November 17, 2004