

**U.S. Department of Justice**
*United States Attorney*
*District of Massachusetts*

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

August 9, 2005

John C. McBride, Esq.
McBride & Natola
240 Commercial Street
Boston, MA  02109

    RE:   United States v. Jose Rodriguez, a/k/a "Cable";
           04-10067 JLT

Dear Mr. McBride:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Jose Rodriguez, a/k/a "Cable" (the "Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, but in no event later than **August 11, 2005**, Defendant shall plead guilty to Counts 1 through 10 of the Third Superseding Indictment ("the Indictment") in this case. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally, and willfully committed the crimes charged in Counts 1 through 10 of the Indictment, and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

    Defendant faces the following penalties on each of Counts 1 and 8 of the Indictment (if the Court finds that at least 100 grams of heroin are attributable to Defendant):  a maximum term of imprisonment of life with a 10-year mandatory minimum sentence, a fine of up to $4,000,000, at least an 8-year term of supervised release and a maximum of life, and a $100 Special Assessment. Defendant faces the following penalties on Counts 2-7 and 9-10 of the Indictment:  a maximum term of imprisonment of 30 years, a fine of up to $2,000,000, at least 6 years of supervised release and a maximum of life, and a $100.00 special assessment on each count. Defendant also faces forfeiture to the

extent charged in the Indictment.

   3.   Sentencing Guidelines

   The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

   The parties will take the following positions at sentencing under the United States Sentencing Guidelines ("U.S.S.G."):

      A.   <u>Drug Weight</u>

   The U.S. Attorney will take the position that, with respect to Counts 1 and 8 of the Indictment, at least 100 grams of heroin, but less than 400 grams of heroin, are attributable to the Defendant. Defendant will take the position that less than 100 grams of heroin are attributable to him. Defendant waives any right he has under <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005), and the Sixth Amendment to the United States Constitution, to have that determination made by a jury under a beyond a reasonable doubt standard. The parties agree that this determination will be made by the Court under a preponderance of the evidence standard.

      B.   <u>Base Offense Level</u>

   If the Court finds that at least 100 grams of heroin are attributable to Defendant, the U.S. Attorney will take the position at sentencing that the Base Offense Level is 37, that Defendant is a Career Offender pursuant to U.S.S.G. § 4B1.1, and that Defendant's criminal history category is therefore Category VI.

   If the Court finds that less than 100 grams of heroin are attributable to Defendant, the U.S. Attorney will take the position that the Base Offense Level is 34, that Defendant is a Career Offender pursuant to U.S.S.G. § 4B1.1, and that Defendant's criminal history category is therefore Category VI.

The defendant will take the position, under <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005), that the Court sentence the defendant without regard to whether he is classified as a Career Offender under the U.S.S.G.

### C. Role in the Offense

The U.S. Attorney will take the position at sentencing that Defendant's base offense level should be increased by four points, pursuant to U.S.S.G. § 3B1.1(a), because the Defendant was an organizer or leader in the criminal activity and the criminal activity involved five or more participants or was otherwise extensive. The Defendant reserves the right to oppose this argument. Defendant waives any right he has under <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005), and the Sixth Amendment to the United States Constitution, to have that determination made by a jury under a beyond a reasonable doubt standard. The parties agree that this determination will be made by the Court under a preponderance of the evidence standard.

### D. Acceptance of Responsibility

If the Court finds that less than 100 grams of heroin are attributable to Defendant, the U.S. Attorney agrees that Defendant's Adjusted Offense Level should be reduced by three levels under U.S.S.G. § 3E1.1. If the Court finds that at least 100 grams of heroin are attributable to Defendant, the parties agree that the U.S. Attorney will not agree that Defendant's Adjusted Offense Level should be reduced by three levels under U.S.S.G. § 3E1.1.

In any event, the U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a) Fails to admit a complete factual basis for the plea;

    (b) Fails to truthfully admit his conduct in the offenses of conviction;

    (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

3

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Commits a crime; and/or,

    (h)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. **Sentence Recommendation**

The U.S. Attorney agrees to recommend, subject to the statutory, mandatory minimum, the following sentence before the District Court:

    (a)    Incarceration or other confinement within the applicable guideline range;

    (b)    Fine within the applicable guideline range unless the Court finds, pursuant to U.S.S.G. § 5E1.2(e), that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)    Mandatory special assessment of $1,000.00;

    (d)    Eight years of supervised release.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges

based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8. Forfeiture

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

The assets to be forfeited specifically include, without limitation, the following: the property located at 23 Chardon Street, Lawrence, MA (the "Property"). Defendant admits that the Property is subject to forfeiture on the grounds that it constitutes, or was derived from, proceeds of Defendant's unlawful drug activity, and/or that the Property was used, or intended to be used, to commit the drug trafficking crimes charged in the Indictment. Defendant therefore consents to the forfeiture of all of Defendant's interests in the Property to the United States. The forfeiture may be carried out criminally, civilly, or administratively in the government's discretion.

6

Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney and the Federal Bureau of Investgiations to transfer possession of, and clear title to, the Property. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the government to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the Property.

The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States. In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases his claims to the property located at 23 chardon Street, Lawrence, MA.

9. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

7

10. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the

parties or on the record in court.

    If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Peter K. Levitt.

                                 Very truly yours,

                                   MICHAEL J. SULLIVAN
                                 United States Attorney

By:_____
                                 LAURA KAPLAN
                                 Section Chief

                                 PETER K. LEVITT
                                 Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

    I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
JOSE RODRIGUEZ
Defendant

Date: August 11, 2005

    I certify that JOSE RODRIGUEZ has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
JOHN MCBRIDE
Attorney for Defendant

Date: August 11, 2005