UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
           Plaintiff,          )
                               )
      v.                       )     Criminal No. 04-10067-JLT
                               )
JOSE RODRIGUEZ,                )
      a/k/a "CABLE",           )
           Defendant.          )

                **UNITED STATES' MOTION FOR ISSUANCE
                OF A PRELIMINARY ORDER OF FORFEITURE**

    The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853.  A proposed Preliminary Order is submitted herewith.  In support thereof, the United States sets forth the following:

    1.   On or about March 10, 2005, a federal grand jury sitting in the District of Massachusetts returned a ten count Third Superseding Indictment charging Defendant Jose Rodriguez, a/k/a Cable ("Rodriguez" or the "Defendant"), with the following violations:  Conspiracy to Distribute Heroin, in violation of 21 U.S.C. § 846 (Counts One and Eight); and Distribution of Heroin and Aiding Abetting, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2 (Counts Two through Seven, Nine, and Ten).

    2.   The Third Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in

Counts One through Ten of the Third Superseding Indictment, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853.  Such property includes, but is not limited to, the following:

>  the property located at 23 Chardon Street, Lawrence, MA (the "Property").

3.   The Third Superceding Indictment further provided that, if the Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p).

4.   On August 11, 2005, Rodriguez pled guilty to Counts One through Ten of the Third Superseding Indictment, pursuant to a plea agreement he signed on August 11, 2005.  In Section Eight of the plea agreement, Rodriguez agreed to forfeit any and all of his assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea.  Such assets included, without

limitation, the Property, which Rodriguez admitted is subject to forfeiture on the grounds that it constitutes, or was derived from, proceeds of Rodriguez's drug activity, and/or that the Property was used, or intended to be used, to commit the drug trafficking crimes charged in the Indictment.

5. Based upon the evidence set forth in the plea agreement, the United States has established the requisite nexus between the Property and the offenses to which Rodriguez has pleaded guilty. Accordingly, the Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

6. As a result of Rodriguez's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property, or substitute assets, in a value up to the value of the Property. See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

7. Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Property and will publish notice in a newspaper of general circulation of the Court's Order and of the Unites States' intent to dispose of the Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,


/s/ Kristina E. Barclay
PETER K. LEVITT
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
Date: December 2, 2005         (617) 748-3100

**CERTIFICATE OF SERVICE**

    I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were served upon Bridgett M. Garballey, Esquire, McBride and Natola, The Waterfront Building, 240 Commercial Street, Boston, Massachusetts 02109, and Michael Natola, Esquire, 63 Atlantic Avenue, Suite 2B, Boston, Massachusetts 02110, as counsel for Defendant Jose Rodriguez; Arthur M. Khoury, Esquire, 335 Common Street, Lawrence, Massachusetts 01840, as counsel for Therese Sarkis; and Ramsey A. Bahrawy, Esquire, 55 Main Street, North Andover, Massachusetts 01845, by first class mail, postage prepaid.

                                          /s/ Kristina E. Barclay
                                          Kristina E. Barclay
                                          Assistant U.S. Attorney

Dated: December 2, 2005