UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10067-JLT |
| | ) | |
| JOSE RODRIGUEZ, | ) | |
| a/k/a "CABLE", | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**TAURO, D.J.,**

WHEREAS, on or about March 10, 2005, a federal grand jury
sitting in the District of Massachusetts returned a ten count
Third Superseding Indictment charging Defendant Jose Rodriguez,
a/k/a Cable ("Rodriguez" or the "Defendant"), with the following
violations:  Conspiracy to Distribute Heroin, in violation of 21
U.S.C. § 846 (Counts One and Eight); and Distribution of Heroin
and Aiding Abetting, in violation of 21 U.S.C. § 841(a)(1), and
18 U.S.C. § 2 (Counts Two through Seven, Nine, and Ten);

AND WHEREAS, the Third Superseding Indictment sought the
forfeiture, as a result of committing one or more of the offenses
alleged in Counts One through Ten of the Third Superseding
Indictment, of any and all property constituting, or derived
from, any proceeds the Defendant obtained, directly or
indirectly, as a result of such offenses; and/or any property
used or intended to be used, in any manner or part, to commit, or

to facilitate the commission of, any such violations, pursuant to

21 U.S.C. § 853, including, but not limited to, the following:

> the property located at 23 Chardon Street,
> Lawrence, MA (the "Property");

AND WHEREAS, the Third Superceding Indictment further

provided that, if the Property, as a result of any act or

omission by the Defendant, (a) cannot be located upon the

exercise of due diligence; (b) has been transferred or sold to,

or deposited with, a third party; (c) has been placed beyond the

jurisdiction of the Court; (d) has been substantially diminished

in value; or (e) has been commingled with other property which

cannot be divided without difficulty, the United States is

entitled to seek forfeiture of any other property of the

Defendant, up to the value of the Property, pursuant to 21 U.S.C.

§ 853(p);

AND WHEREAS, on August 11, 2005, Rodriguez pled guilty to

Counts One through Ten of the Third Superseding Indictment,

pursuant to a plea agreement Rodriguez signed on August 11, 2005;

AND WHEREAS, in Section Eight of the plea agreement,

Rodriguez agreed to forfeit any and all of his assets subject to

forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty

plea, including without limitation the Property, which Rodriguez

admitted is subject to forfeiture on the grounds that it

constitutes, or was derived from, proceeds of Rodriguez's drug

activity, and/or that the Property was used, or intended to be

used, to commit the drug trafficking crimes charged in the Indictment.;

AND WHEREAS, as a result of Rodriguez's guilty plea, and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Property, or substitute assets, in a value up to the value of the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.    The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the facts set forth by the government in support of the Defendant's guilty plea and the admissions contained in the plea agreement, that the government has established the requisite nexus between the Property and the offenses to which the Defendant pleaded guilty. Accordingly, all of the Defendant's interests in the Property are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a) and (p).

2.    If the Property, as a result of any act or omission by Rodriguez, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek

forfeiture of any other property of Rodriguez, up to the value of the Property, pursuant to 21 U.S.C. § 853(p).

3.    The United States Marshals Service shall hold the Property in its secure custody and control.

4.    Pursuant to 21 U.S.C. § 853, the United States Marshals Service shall take all other appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the Property, giving notice as required by law.

5.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
JOSEPH L. TAURO
United States District Judge

Dated: _____