UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,     )
               Plaintiff,     )
                              )
               v.             )     Criminal No. 04-10067-JLT
                              )
JOSE RODRIGUEZ,               )
      a/k/a "CABLE",          )
               Defendant.     )
```

## PRELIMINARY ORDER OF FORFEITURE

**TAURO, D.J.,**

WHEREAS, on or about March 10, 2005, a federal grand jury sitting in the District of Massachusetts returned a ten count Third Superseding Indictment charging Defendant Jose Rodriguez, a/k/a Cable ("Rodriguez" or the "Defendant"), with the following violations:  Conspiracy to Distribute Heroin, in violation of 21 U.S.C. § 846 (Counts One and Eight); and Distribution of Heroin and Aiding Abetting, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2 (Counts Two through Seven, Nine, and Ten);

AND WHEREAS, the Third Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Ten of the Third Superseding Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or

to facilitate the commission of, any such violations, pursuant to

21 U.S.C. § 853, including, but not limited to, the following:

>           the property located at 23 Chardon Street,
>           Lawrence, MA (the "Property");

AND WHEREAS, the Third Superceding Indictment further

provided that, if the Property, as a result of any act or

omission by the Defendant, (a) cannot be located upon the

exercise of due diligence; (b) has been transferred or sold to,

or deposited with, a third party; (c) has been placed beyond the

jurisdiction of the Court; (d) has been substantially diminished

in value; or (e) has been commingled with other property which

cannot be divided without difficulty, the United States is

entitled to seek forfeiture of any other property of the

Defendant, up to the value of the Property, pursuant to 21 U.S.C.

§ 853(p);

AND WHEREAS, on August 11, 2005, Rodriguez pled guilty to

Counts One through Ten of the Third Superseding Indictment,

pursuant to a plea agreement Rodriguez signed on August 11, 2005;

AND WHEREAS, in Section Eight of the plea agreement,

Rodriguez agreed to forfeit any and all of his assets subject to

forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty

plea, including without limitation the Property, which Rodriguez

admitted is subject to forfeiture on the grounds that it

constitutes, or was derived from, proceeds of Rodriguez's drug

activity, and/or that the Property was used, or intended to be

2

used, to commit the drug trafficking crimes charged in the
Indictment.;

AND WHEREAS, as a result of Rodriguez's guilty plea, and
pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal
Rules of Criminal Procedure, the United States now is entitled to
a Preliminary Order of Forfeiture against the Property, or
substitute assets, in a value up to the value of the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED
that:

1.    The Court finds, pursuant to Rule 32.2(b)(1) of the
Federal Rules of Criminal Procedure, and based upon the facts set
forth by the government in support of the Defendant's guilty plea
and the admissions contained in the plea agreement, that the
government has established the requisite nexus between the
Property and the offenses to which the Defendant pleaded guilty.
Accordingly, all of the Defendant's interests in the Property are
hereby forfeited to the United States of America for disposition
pursuant to 21 U.S.C. § 853(a) and (p).

2.    If the Property, as a result of any act or omission by
Rodriguez, (a) cannot be located upon the exercise of due
diligence; (b) has been transferred or sold to, or deposited
with, a third party; (c) has been placed beyond the jurisdiction
of the court; (d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be
divided without difficulty, the United States is entitled to seek

3

forfeiture of any other property of Rodriguez, up to the value of the Property, pursuant to 21 U.S.C. § 853(p).

3.   The United States Marshals Service shall hold the Property in its secure custody and control.

4.   Pursuant to 21 U.S.C. § 853, the United States Marshals Service shall take all other appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the Property, giving notice as required by law.

5.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

JOSEPH L. TAURO
United States District Judge

Dated:   12/8/05

4