```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
           Plaintiff,         )
                              )
           v.                 )    Criminal No. 04-10067-JLT
                              )
JOSE RODRIGUEZ,               )
     a/k/a "CABLE",           )
           Defendant.         )
```

## FINAL ORDER OF FORFEITURE

**TAURO, D.J.**,

WHEREAS, on or about March 10, 2005, a federal grand jury sitting in the District of Massachusetts returned a ten count Third Superseding Indictment charging Defendant Jose Rodriguez, a/k/a Cable ("Rodriguez" or the "Defendant"), with the following violations:  Conspiracy to Distribute Heroin, in violation of 21 U.S.C. § 846 (Counts One and Eight); and Distribution of Heroin and Aiding Abetting, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2 (Counts Two through Seven, Nine, and Ten);

AND WHEREAS, the Third Superseding Indictment also included a Forfeiture Allegation which sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Ten of the Third Superseding Indictment, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of,

any such violations, pursuant to 21 U.S.C. § 853, including, but not limited to, the following:

>   the property located at 23 Chardon Street, Lawrence, MA (the "Property");

AND WHEREAS, on or about August 11, 2005, Rodriguez pled guilty to Counts One through Ten of the Third Superseding Indictment, pursuant to a plea agreement he signed on August 11, 2005;

AND WHEREAS, in Section Eight of the plea agreement, Rodriguez agreed to forfeit any and all of his assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea, including, without limitation, the Property, which Rodriguez admitted is subject to forfeiture on the grounds that it constitutes, or was derived from, proceeds of Rodriguez's drug activity, and/or that the Property was used, or intended to be used, to commit the drug trafficking crimes charged in the Third Superseding Indictment;

AND WHEREAS, on or about December 8, 2005, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, against the Defendant's interest in the Property;

AND WHEREAS, on or about January 10, 2006, January 17, 2006, and January 24, 2006, a Notice of Order of Forfeiture was published in the <u>Boston Herald</u> Newspaper pursuant to 21 U.S.C. § 853(n);

AND WHEREAS, to date, no other claims of interest in the Property have been filed with the Court and the time within which to do so has expired;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Property, and it is hereby forfeited to the United States of America pursuant to the provisions of 21 U.S.C. § 853.

3. All other parties, having any right, title, or interest in the Property, are hereby held in default.

4. The United States Marshals Service is hereby authorized to dispose of the Property in accordance with applicable law.

DONE AND ORDERED in Boston, Massachusetts, this _____ day of _____, 2006.

_____
JOSEPH L. TAURO
Dated:                          United States District Judge